UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

P. J. Stevens,

        Plaintiff,

vs.                       REPORT AND RECOMMENDATION

Kanabec County Tenth
Judicial District,

        Defendant.        Civil No. 08-1489 (ADM/RLE)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. § 636(b)(1)(B), upon the Application of Plaintiff P. J. Stevens for leave to proceed in forma pauperis ("IFP"). See, Docket No. 2. For reasons which follow, we recommend that the Plaintiff's IFP Application be denied, and that this action be summarily dismissed.

An IFP application will be denied, and the action dismissed, when a plaintiff has filed a pleading that fails to state a claim on which relief may be granted. See, Title 28 U.S.C. §1915(e)(2)(B)(ii)-(iii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996). Here, we find that the Plaintiff's current Complaint is identical to one that

he filed in a previous case in this District -- namely, <u>Stevens v. Kanabec County District Court</u>, Civil No. 08-516 (JMR/RLE), which was summarily dismissed, less than six (6) weeks ago, by Order of the District Court, the Honorable James M. Rosenbaum, Chief Judge, presiding.  There, we recommended that the Plaintiff's action be summarily dismissed for failure to state a claim, and the District Court adopted our Recommendation.

The Court can find no meaningful, or material distinction, between the Plaintiff's current Complaint, and the Complaint which we previously rejected as insufficient.  In fact, the Plaintiff's current Complaint appears to be no more than a photocopy of the Complaint from the Plaintiff's earlier action.  The only discernable difference is the Plaintiff's decision to attach certain documents, which were not attached to the Complaint in his earlier case.  However, those newly-attached documents do not cure the deficiencies of his pleading.  Accordingly, we find that the present Complaint, like its predecessor, fails to state a claim upon which relief can be granted.  As a result, we recommend that this action be summarily dismissed, pursuant to Title 28 U.S.C. §1915(e)(2)(B)(ii), and we further recommend that the Plaintiff's pending IFP application be denied as moot.

NOW, THEREFORE, It is --

RECOMMENDED:

1. That the Plaintiff's Application to Proceed <u>In</u> <u>Forma</u> <u>Pauperis</u> [Docket No. 2] be denied as moot.

2. That this action be summarily dismissed pursuant to Title 28 U.S.C. §1915(e)(2)(B)(ii).

Dated: June 10, 2008                  <u>s/Raymond L. Erickson</u>
                                                        Raymond L. Erickson
                                                        CHIEF U.S. MAGISTRATE JUDGE

**NOTICE**

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than June 27, 2008**, a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing by no later than **June 27, 2008**, unless all interested parties stipulate that the District Court is not required by Title 28 U.S.C. §636 to review the transcript in order to resolve all of the objections made.